UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE MOIR,

      Plaintiff,                                  CIVIL ACTION NO. 13-13587

      v.                                         DISTRICT JUDGE PAUL D. BORMAN

NELS E. THOMPSON and                  MAGISTRATE JUDGE MARK A. RANDON
TOLSMA,

      Defendants.
_____/

## REPORT AND RECOMMENDATION TO DISMISS DEFENDANT TOLSMA

This is a *pro se* 42 U.S.C. § 1983 action that was referred to this Magistrate Judge for all pretrial proceedings (Dkt. No. 6).

42 U.S.C. § 1997e(c)(1) "allows a district court, on its own motion, to dismiss an action filed by a prisoner 'if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted[.]'" *Harrison v. Michigan*, 2013 WL 3455488, at *2 (6th Cir. July 10, 2013).

Other than listing Tolsma as a Defendant (Dkt. No. 1 at p. 5 (CM/ECF)), he is not mentioned in Moir's Complaint (Dkt. No. 1 at pp. 3-4 (CM/ECF)).[1] As such, Moir's Complaint against Tolsma should be **DISMISSED WITHOUT PREJUDICE**. *Ashcroft v. Iqbal*, 556 U.S.

---

[1] In Moir's "Conspiracy" exhibit attached to his Complaint, he indicates that he had a meeting with Tolsma on July 30, 2010, and that Tolsma told him he would have four probationary sessions and two weeks of the Assaultive Offender Program ("the Program"). But, Defendant Nels E. Thompson terminated Moir from the Program after one probationary session and one week (Dkt. No. 1 at p. 29 (CM/ECF)). Moir does not assert any wrongful conduct on Tolsma's part.

- 1 -

662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                   s/Mark A. Randon
                                   MARK A. RANDON
                                   UNITED STATES MAGISTRATE JUDGE

Dated:  August 26, 2013

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, August 26, 2013, by electronic and/or first class U.S. mail.*

       *s/Eddrey Butts*

       *Case Manager to Magistrate Judge Mark A. Randon*