UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE MOIR,

       Plaintiff,

                                                 Case No. 13-cv-13587

v.

                                                 Paul D. Borman
                                                 United States District Judge

NELS S. THOMPSON AND
TOLSMA,                                               Mark A. Randon
                                                 United States Magistrate Judge

       Defendants.
_____/

**ORDER (1) DENYING PLAINTIFF'S OBJECTION; (2) DENYING AS MOOT PLAINTIFF'S REQUEST TO STAY THE CASE; (3) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; AND (4) DISMISSING DEFENDANT TOLSMA WITHOUT PREJUDICE**

Before the Court are Plaintiff Wayne Moir's ("Plaintiff") Objection to Magistrate Judge Mark A. Randon's August 26, 2013 Report and Recommendation in favor of dismissing Defendant Tolsma without prejudice. (Dkt. No. 7).

For the reasons stated below, the Court will deny Plaintiff's Objection, deny as moot Plaintiff's request to stay this action until December 2013, adopt the Report and Recommendation, and dismiss Defendant Tolsma without prejudice.

**I. BACKGROUND**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on August 20, 2013 and is proceeding *pro se*. On August 21, 2013, the Court granted his application to proceed without prepayment of fees in this action. (Dkt. No. 3). Shortly thereafter, all of the pretrial proceedings were referred to Magistrate Judge Randon.

1

(Dkt. No. 6).

Plaintiff's two paragraph complaint names Nels E. Thompson ("Defendant Thompson") and Mr. Tolsma ("Defendant Tolsma") as defendants. (Dkt. No. 1 at 1, 5). Plaintiff alleges that in August 2010, Defendant Thompson terminated him from the Assaultive Offenders Program ("Program") in retaliation for filing a grievance against him. (Dkt. No. 1 at 3). Plaintiff also claims that as result of his termination from the Program he was denied early parole or release, has spent an additional three years in prison, and had his security level changed from a Level I to a Level IV. (Dkt. No. 1 at 3, 31). Plaintiff also asserts that he was assaulted in 2012 because of these events. (*Id*. at 3). Plaintiff further alleges that his request for a legal writer was wrongfully denied. (*Id*.). Plaintiff then concludes that these actions constituted retaliation and violated the First, Fifth, Sixth and Fourteenth Amendments of the United States Constitution (as well as unspecified other rights). (Dkt. No. 1 at 3).

Plaintiff attached multiple exhibits to his complaint, including: a request for a legal writer (Ex. 1 at 7); a Step 1 grievance regarding his request for a legal writer (Ex. 5 at 11); a statement from a fellow inmate who allegedly conspired with Defendant Thompson (Ex. 8 at 13); the therapy termination report (authored by Defendant Thompson) dated 8/11/2010 (Ex. 11 at 21); a Step 1 grievance against Defendant Thompson which allegedly precipitated the retaliatory acts (Ex. 12 at 25); and handwritten explanation of the conspiracy, entitled "Conspiracy" (Ex. 15 at 29).

In the August 26, 2013 Report and Recommendation, the Magistrate Judge accurately noted that 42 U.S.C. § 1997e(c)(1), "allows a district court, on its own motion, to dismiss an action filed by a prisoner 'if the court is satisfied that the action ... fails to state a claim upon

which relief can be granted'". *Harrison v. Michigan*, 722 F.3d 768, 770 (6th Cir. 2013) (quoting 42 U.S.C. § 1997e(c)(1)). The Magistrate Judge held that Plaintiff had failed to allege any wrongful conduct on Defendant Tolsma's part and therefore found that Defendant Tolsma should be dismissed without prejudice for Plaintiff's failure to state a claim against him.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objections" in a timely manner. *Lyons v. Comm'r Soc. Sec.,* 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991).

## III. ANALYSIS

As an initial matter, the Court recognizes that Plaintiff is proceeding *pro se* and it has a duty to construe his pleadings indulgently. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court also accepts all of Plaintiff's allegations as true at this stage of the litigation. *See JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007).

3

On September 12, 2013, Plaintiff filed an objection to the Report and Recommendation. (Dkt. No. 9). In it, Plaintiff appears to seek an extension of time to research the law in general and seeks the appointment of an attorney. Plaintiff states "I also respectfully ask the court for additional time due to the fact I am not able to get access to the law library as needed to study the 2013 edition of "Federal Rules of Civil Judicial Procedure and Rules" . . . Is there any way possible you can set my case aside until 12/08/2013?" (Pl.'s Objs. at 1). Plaintiff appears to be requesting the Court stay his case until December 8, 2013. As this date has already passed, the Court will deny the request as moot.

Plaintiff also sets forth one specific objection to the August 26, 2013 Report and Recommendation. Plaintiff states, "I object to 'Report and Recommendation to Dismiss Defendant Tolsma.['] Mr. Tolsma was the Dept Head, he should have called me out to get my side of the story. Mr. Thompson's grounds for my termination was a complete hoax & fraud with evil intent." (Pl.'s Objs. at 1).[1]

"A complaint must contain 'either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Frazier v. State of Michigan*, 41 Fed. App'x 762, 764 (6th Cir. 2002) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). Further, "[t]he court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions." *Frazier*, 41

---

[1] Plaintiff also states in his Objection that an unnamed "M.D.O.C. Psychiatrist" prescribed medications at some unspecified point in time "that should not have been taken together?". (Pl.'s Obj. at 1). As this statement fails to state the identify of the psychiatrist or the date of the alleged incident, the Court finds this statement does not appear to relate to Plaintiff's allegations of conspiracy and retaliation or specifically to Defendant Tolsma. Therefore, the Court declines to address it.

Fed. App'x at 764 (collecting cases). Additionally, "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights." *Id*.

In the instant case, Plaintiff has failed to allege any specific facts with respect to Defendant Tolsma that could support any allegation that Defendant Tolsma violated his constitutional rights. Beyond naming him a defendant, Plaintiff only makes only one reference to Defendant Tolsma in the Conspiracy exhibit to his complaint. Plaintiff sets forth in that exhibit that he had a meeting on July 30, 2010 with "PSU Chief Tolsma" and was told by Defendant Tolsma that he would have four probationary sessions and two weeks of the Assaultive Offender Program. (Dkt. No. 1 at 29). However, Defendant Thompson terminated Plaintiff from the Assaultive Offender Program after only one probationary session and one week of the Program. (*Id*.). Plaintiff claims that this termination was wrongful and in retaliation for a previous grievance filed against Defendant Thompson. (Dkt. No. 1 at 3). Plaintiff now asserts in his Objection that Defendant Tolsma was the department head and "should have called him out" to "get his side of the story".

These sparse facts, even accompanied by Plaintiff's explanation in his objection, fail to set forth a claim against Defendant Tolsma. A complaint may be dismissed for failure to state a claim if the complaint "fails to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). The court must determine whether the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Further, it is undisputed that where a prisoner is proceeding *in forma pauperis* and is bringing a civil rights action pursuant to § 1983, a Court can, by its own motion, dismiss a claim filed by a prisoner if the court is

satisfied that the action ... fails to state a claim upon which relief can be granted". *See* 42 U.S.C. § 1997e(c); *see also* 28 U.S.C. §§1915(e)(2), 1915A; *see also Brown v. Bargery*, 207 F.3d 863, 867 n. 3 (6th Cir. 2000) (recognizing that a court should "screen" a prisoner's complaint when it is filed *in forma pauperis* for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and also noting that a court should apply the identical screening standard set forth in 28 U.S.C. § 1915A, which applies when the prisoner is seeking redress from a government employee.)

In the present action, Plaintiff appears to allege there was a conspiracy between Defendant Thompson and another inmate that resulted in his wrongful termination from the Program and as a result of this termination he was denied parole, early release and his security level was changed from Level I to a Level IV. (*See* Dkt. No. 1 at 30). It also appears that Plaintiff claims his assault in 2012 was related to his termination from the Program. (Dkt. No. 1 at 3).

Plaintiff does not allege that Defendant Tolsma was part of the conspiracy as described in his exhibit. (Dkt. No. 1 at 29-32). In fact, Plaintiff does not even mention Defendant Tolsma in the body of his complaint. Defendant Tolsma's only connection to the underlying facts appear to be that he was a department head who advised or enrolled Plaintiff in the Program. Plaintiff's allegations fail to allege any wrongful or potentially wrongful conduct on the part of Defendant Tolsma. *See Frazier*, 41 Fed. App'x at 764 (holding a court's dismissal for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e), 1915A, and 42 U.S.C. § 1997e(c) was proper where the plaintiff failed to allege with any specificity how the named defendants "were personally involved in or responsible for each of the alleged violations of his federal rights.") Even construing Plaintiff's complaint and objection broadly and with the most liberal construction, the

Court finds that Plaintiff's allegations fail to connect Defendant Tolsma to any alleged constitutional violations.

## IV. CONCLUSION

For these reasons, the Court will:

(1) DENY Plaintiff's Objection;

(2) DENY AS MOOT Plaintiff's request to stay the case until December 8, 2013;

(4) ADOPT the Report and Recommendation; and

(5) DISMISS WITHOUT PREJUDICE Defendant Tolsma.

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: March 17, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 17, 2014.

s/Deborah Tofil
Case Manager